IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JEFFREY GOODWIN | : | CIVIL ACTION |
| v. | : | |
| STEVEN R. GLUNT | : | NO. 11-CV-3908 |

**MEMORANDUM AND ORDER**

Ditter, J. November 15, 2013

Jeffrey Goodwin has filed a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b)(1), (3) & (6) (Dkt. #3). For the reasons that follow, this motion shall be DENIED.

1. Procedural History

Goodwin was first before me when he filed a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 seeking relief from his conviction of first degree murder and possession of an instrument of crime. Goodwin conceded that his petition was untimely but sought equitable tolling based on erroneous advice from his PCRA counsel. On July 13, 2009, Goodwin's petition was denied as untimely and his request for equitable tolling was rejected. *Goodwin v. Folino,* No. 05-CV-4403. The United States Court of Appeals for the Third Circuit denied Goodwin's request for a certificate of appealability by order dated December 12, 2009.

Goodwin filed a second petition for *habeas corpus* relief on June 13, 2011.[1] *Goodwin v. Walsh*, No. 11-CV-3908. The petition was dismissed as a second or successive petition pursuant to 28 U.S.C. § 2244(b)(3)(A), and was transferred to the Court of Appeals. Goodwin's application was dismissed because he failed to file a memorandum in support of the application as ordered by the Court of Appeals. *Goodwin v. Walsh*, C.A. No. 11-2690.

Undaunted, Goodwin filed another application for leave to file a second or successive petition for *habeas corpus* relief on March 26, 2013. On July 11, 1013, the Court of Appeals denied Goodwin's application. *Goodwin v. District Attorney of Philadelphia, et al.*, C.A. No. 13-1821. That order is docketed in the District Court at 05-CV-4403, Goodwin's first *habeas corpus* petition. On October 2, 2013, the Court of Appeals denied Goodwin's request for reconsideration.

While that application was pending in the Court of Appeals, Goodwin filed a second Rule 60(b) motion - this one seeking to vacate the decision docketed at 11-CV-3908. In his motion, Goodwin is once again seeking relief from my ruling that his first petition for *habeas corpus* was untimely; however, the petition docketed at 11-CV-3908 was dismissed because he did not get the required permission to proceed on a second

---

[1] Only one month later, and while this *habeas* petition was pending,,Goodwin made another attempt to obtain equitable tolling by filing a "memorandum" that I construed as a Rule 60(b) motion seeking relief from my order denying his prior *habeas* petition. In this motion, Goodwin claimed a new rule of constitutional law set forth in *Holland v. Florida*, 130 S. Ct. 2549 (2010), should be applied retroactively. The motion was denied on January 25, 2012.

2

*habeas* petition from the Court of Appeals.

2. <u>Discussion</u>

Goodwin seeks to set aside my decision that he needed the permission of the Court of Appeals to proceed on a second or successive petition for *habeas corpus* relief and pursuant to three subsections of Rule 60 (b). As with his prior filings, Goodwin's claim for tolling of the limitations period is based on his claim that PCRA counsel gave him erroneous advice. This claim has been finally litigated and does not provide a basis for Rule 60(b) relief.

Goodwin does not satisfy Rule 60 (b)(1) because he sets forth no evidence of mistake, inadvertence, surprise or excusable neglect that was not previously considered and rejected by this Court and the Court of Appeals. He does not satisfy Rule 60(b)(3) because he offers no evidence of fraud, misrepresentation, or misconduct by an opposing party.

To obtain relief from a judgment under Rule 60(b)(6), Goodwin must establish "extraordinary circumstances" that justify setting aside the judgment. *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005); *Morris v. Horn*, 187 F.3d 333, 341-44 (3d Cir. 1999). "[Intervening developments in the law by themselves rarely constitute the extraordinary circumstances required for relief under Rule 60(b). *Morris*, 187 F.3d 341; *see also Gonzalez*, 545 U.S. at 536. Moreover, Goodwin cannot establish extraordinary circumstances if the newly announced rule does not affect the integrity of the court's

3

earlier judgment. *Wilson v. Fenton*, 684 F.2d 249, 251 (3d Cir. 1982).

Goodwin fails to cite any new law or otherwise set forth any extraordinary circumstances to support his motion. Instead, he simply reasserts the alleged ineffective assistance of PCRA counsel to support his claim for equitable tolling – a claim that has been repeatedly denied.

A certificate of appealability will not issue because reasonable jurists would not debate the correctness of my procedural ruling.

An appropriate order follows.